E. L. HUDSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant error.

A written accusation in the County Court, charging the defendant with employing the servants of another, must state the name of the person in whose employ the servants were at the time of such illegal act, and if the defendant employed the servants by an agent, the name of such agent must be set forth. (R.)

Criminal law. Employing servants of another. Written accusation. Before Judge STROZIER. Dougherty Superior Court. December Term, 1871.

Plaintiff in error was put upon trial in the District Court for Dougherty county upon the following written accusation:

"GEORGIA—DOUGHERTY COUNTY.

"Peter McLaren, in the name and behalf of the citizens of Georgia, charges and accuses E. L. Hudson, of the county and State aforesaid, with the offense of misdemeanor. For the said E. L. Hudson, on the 17th day of June, 1871, in the county aforesaid, did, then and there, unlawfully employ by an agent, Watkins Lee, Marshall Jackson, Morgan Hall, they, then and there, being servants and employees of the said estate of Davis Pace, said E. L. Hudson, then and there, knowing that said servants were employed on the estate of Davis Pace, and that their time with the said estate had not expired, contrary to the laws of said State, the good order, peace and dignity thereof.

"Dougherty District Court, July Term, 1871.

(Signed)          "T. R. LYON, District Attorney."

Plaintiff in error moved to quash said written accusation upon the following grounds, to-wit:

1st. Because the name of the agent through which it was alleged he employed said servants was not set forth.

2d. Because the executor's or trustee's name, who had charge of the Davis Pace estate, or the name of the party who had the servants employed was not set forth.

The motion was overruled. The jury, under charge of the

Court, returned a verdict of "guilty," recommending plaintiff in error to mercy. Plaintiff in error carried the case by writ of *certiorari*, upon the above and other rulings of the District Court, to the Superior Court of Dougherty county. The Superior Court sustained the rulings of the District Court, and affirmed its judgment, whereupon plaintiff in error excepted, and assigns said decision as error.

HINES & HOBBS; D. H. POPE, for plaintiff in error.

JOHN C. RUTHERFORD, Solicitor General; T. R. LYON, represented by R. F. LYON, for the State.

WARNER, Chief Justice.

This case came before the Court below on a *certiorari* from the County Court of Dougherty county, alleging errors committed by the County Court on the trial of an accusation against the plaintiff in error for employing the servants of another, in violation of the 4428th section of the Code. The Superior Court affirmed the judgment of the County Court, which is assigned for error here. There was a motion made in the County Court to quash the written accusation against the defendant, on the ground that he was accused and charged with employing the servants of another, by an agent, without alleging the name of the agent, and knowing said servants to be in the employ of the "estate of Davis Pace," without alleging the name of any person who had employed said servants on the Davis Pace estate. The offense consists in any person employing the servants of another, either by himself or agent, during the term for which he or she or they may be employed, *knowing* that such servant was so employed, and that his term of service has not expired. The estate of Davis Pace could not have employed the servants, and if any person had employed them to work on that estate, the name of such person should have been alleged. If the defendant employed the servants by an agent, the name of the agent should also be alleged. In our judgment, it was error in the

County Court in overruling the motion to quash the written accusation against the defendant, and that the Superior Court should have sustained the *certiorari* upon that ground of alleged error.

Let the judgment of the Court below be reversed.